**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| JANELLE FERRELL and<br>UMAR A. AHMAD,<br><br>      Plaintiff,<br><br>v.<br><br>COMMUNITY MANAGEMENT<br>SERVICES, LLC<br>      Defendant. | ) Case No.:<br>)<br>)<br>) **COMPLAINT AND DEMAND FOR**<br>) **JURY TRIAL**<br>)<br>) **(Unlawful Debt Collection Practices)**<br>)<br>)<br>)<br>) |

**COMPLAINT**

COMES NOW the Plaintiffs, JANELLE FERRELL and UMAR A. AHMAD, by and through their attorney, KATE SHUMAKER, and for their Complaint against the Defendant, COMMUNITY MANAGEMENT SERVICES, LLC, Plaintiffs allege the following:

**JURISDICTION AND VENUE**

1.    Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States.

2.    Defendant conducts business in the state of Delaware, and therefore, personal jurisdiction is established.

3.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

4.    This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. §§ 1692 *et seq.*

- 1 -

**PARTIES**

5.      Plaintiffs are adult individuals who reside at 33 Chaddwyck Boulevard, New Castle, DE 19702.

6.      Plaintiffs are both a "consumer" as defined in 15 U.S.C. § 1692a (3), as each is a natural person allegedly obligated to pay a debt.

7.      At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a (6), in that it held itself out to be a company collecting a maintenance corporation assessment allegedly owed by Plaintiffs, joint owners of the subject real property located in Chaddwyck housing development.

8.      Defendant is a limited liability corporation organized under the laws of the State of Delaware with its principal place of business located at 601 Philadelphia Pike, Wilmington, Delaware 19809.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers.

**PRELIMINARY STATEMENT**

10.      The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. §§ 1692 *et seq*.  The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights.  15 U.S.C. § 1692k.  The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

PLAINTIFF'S COMPLAINT

misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

11.     In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

12.     In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692 b.

13.     Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt

PLAINTIFF'S COMPLAINT

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## **FACTUAL ALLEGATIONS**

14.     Defendant commenced in July 2009 to attempt to collect homeowner assessments that initially accrued in 2008 on behalf of Chaddwyck Maintenance Corporation.

15.     Plaintiffs immediately disputed the amount purportedly owed since Plaintiffs remitted payment for the 2008 assessment, although 30 days past the due date, in a check dated March 20, 2008.   Chaddwyck Maintenance Corporation cashed Plaintiffs' check on May 27, 2008.

16.     Defendant did not provide Plaintiffs with written notice within five (5) days after its initial communication with them regarding collection of the alleged debt, advising them of their right to dispute the debt and/or request validation.

17.     On one occasion agent/employee of Defendant, Steve Blanchies, personally approached Plaintiffs at their home to request payment of the disputed amount. Same agent/employee was accompanied by a third-party, thereby subjecting Plaintiffs to undue embarrassment and humiliation due to the unauthorized disclosure of confidential information to the third-party.

18.     Plaintiffs repeatedly requested that Defendant validate the purported debt, with a breakdown of charges and penalties assessed, and the underlying bases for such charges and penalties, which were not provided.

19.     To coerce Plaintiffs to pay the disputed amount before validation of the debt, Defendant's demands in letters directed to Plaintiffs threatened assessment of attorney fees and

court costs that were not yet incurred, enumerating a specific dollar amount of an estimated $1000.00, which threatened Plaintiffs with unreasonable and unrealized costs unless they paid the disputed amount.

20.     In addition, Defendant's letter demands unlawfully threatened Plaintiffs with legal action to be taken against them personally and threatened foreclosure of their house unless they paid the amount demanded.

21.     The amount of the alleged debt Defendant was attempting to collect was in excess of what was provided in the agreement between Plaintiffs and the Homeowner's Association, which was 12 % per annum on unpaid amount.

## CONSTRUCTION OF APPLICABLE LAW

22.     The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

23.     The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §§ 1601 et seq., is a remedial statute, it should be

construed liberally in favor of the consumer."   <u>Johnson v. Riddle</u>, 305 F. 3d 1107 (10th Cir.

2002).

24.   The FDCPA is to be interpreted in accordance with the "least sophisticated"

consumer standard. <u>See Jeter v. Credit Bureau, Inc.</u>, 760 F.2d 1168 (11th Cir. 1985); <u>Graziano v.</u>

<u>Harrison</u>, 950 F. 2d 107 (3d Cir. 1991); <u>Swanson v. Southern Oregon Credit Service, Inc.</u>, 869

F.2d 1222 (9th Cir. 1988).  The FDCPA was not "made for the protection of experts, but for the

public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and

the fact that a false statement may be obviously false to those who are trained and experienced

does not change its character, nor take away its power to deceive others less experienced." <u>Id.</u>

The least sophisticated consumer standard serves a dual purpose in that it ensures protection of

all consumers, even naive and trusting, against deceptive collection practices, and protects

collectors against liability for bizarre or idiosyncratic interpretations of collection notices.

<u>Clomon</u>, 988 F. 2d at 1318.

## COUNT I

25.   Defendant's conduct violated the FDCPA in multiple ways, including but not

limited to:

    a)   Engaging in conduct the natural consequence of which is to harass, oppress, or

        abuse, in violation of 15 U.S.C. §1692d;

    b)   Engaging any person in telephone conversation repeatedly or continuously with

        the intent to annoy, abuse, or harass any person at the called number violation of

        15 U.S.C. §1692d(5);

    c)   Using false, deceptive, or misleading representations or means in connection with

        the collection of a debt, in violation of 15 U.S.C. §§ 1692e and 1692e(10);

- 6 -

d)  Misrepresenting the amount of the debt, in violation of 15 U.S.C. § 1692e(2);

e)  Threatening to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

f)  Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f;

g)  The collection of amounts expressly not permitted by law, in violation of 15 U.S.C. § 1692f(1);

h)  Failing to send written notice of the alleged debt, in accordance with 15 U.S.C. § 1692(g)(a); and

i)  By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

26.    As a result of the above violations of the FDCPA, Defendant is liable to Plaintiffs in the sum of Plaintiffs' actual damages, statutory damages, and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, JANELLE FERRELL and UMAR A. AHMAD, respectfully prays for judgment as follows:

a.    All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k (a)(1);

b.    Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k (a)(2)(A);

c.    All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiffs pursuant to 15 U.S.C. § 1692k (a)(3); and

- 7 -

PLAINTIFF'S COMPLAINT

d.     Any other relief deemed appropriate by this Honorable Court.


DATED: March 15, 2010                    JANELLE FERRELL
                                         UMAR A. AHMAD

                                         By their Attorney,

                                         /s/ Kate Shumaker
                                         Kate Shumaker
                                         Kimmel & Silverman, PC

                                         Delaware Office:
                                         Silverside Carr Executive Center
                                         Suite 118, 501 Silverside Road
                                         Wilmington, DE 19809
                                         (302) 791-9373 phone
                                         (302) 791-9476 fax


- 8 -

PLAINTIFF'S COMPLAINT